# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MAHAMED C.A., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity; PAMELA BONDI, Attorney General of the United States, Department of Justice, in her official capacity; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity; PETER BERG, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity; and JOEL L. BROTT, Sheriff of Sherburne County, custodian of detainees of the Sherburne County Detention Center, <br><br> Respondents. | Case No. 25-CV-4551 (MJD/JFD) <br><br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner Mahamed C. A.'s Petition for a writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is a Somali man who entered the United States in 2022, was almost immediately freed on bond by federal immigration officials

1

while his application for asylum was considered, but then, on approximately December 1, 2025, was taken into detention by the government, which was apparently acting on an October 2025 about-face in the way the government interpreted the relevant detention provisions of the Immigration and Nationality Act. Petitioner now seeks release, or in the alternative, a bond hearing.

Like almost every other judge of the District of Minnesota to consider this issue the undersigned now finds that Respondents' practice of using a novel interpretation of the relevant sections of the Immigration and Nationality Act—an interpretation that has been met with near-universal judicial rejection—to mandatorily detain individuals in the same situation as Petitioner results in detention that is contrary to the laws of the United States.[1] The undersigned therefore recommends that the Petition for a writ of habeas corpus be granted and that the Petitioner be given a hearing to determine whether he can be released on bond.

I.   **Legal Standard**

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). The Petitioner has

---

[1] In a single case, a judge of this Court found that it did not have jurisdiction to decide the Section 1225 vs. Section 1226 issue and therefore did not reach the merits. *Acxel S.Q.D.C. v. Bondi*, No. 25-CV-3348 (PAM/DLM) 2025 WL 2617973, at *2 (D. Minn. Sept. 9, 2025). In this case, the government is not challenging the Court's jurisdiction. Had the government challenged jurisdiction, the undersigned would have found Judge Provinzino's analysis of *Acxsel* persuasive and would have followed it by recommending that the district court judge find jurisdiction in this case. *Fuentes v. Olson*, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025).

the burden of proving his entitlement to relief by a preponderance of the evidence. *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing. From his first encounter with U.S. immigration personnel in 2022—which, as noted, ended with the Petitioner being released under the discretionary detention provisions of Section 1226—until he was taken into custody in December of 2025, the Petitioner was treated as an alien unlawfully present in the United States and subject to Section 1226, not as an alien seeking admission to the United States and therefore subject to the mandatory detention provisions of Section 1225.

However, in December of 2025, the government about-faced and now argues, for the first time, that the Petitioner may not be released because he is an alien seeking admission and is therefore subject to mandatory detention under Section 1225. This appears to be a consequence of a July 2025 announcement by U.S. Immigration and Customs Enforcement ("ICE") that all applicants for admission, not just arriving aliens, are to be treated as subject to mandatory detention. *See Santos M.C. v. Olson*, Case No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2 (D. Minn. Nov. 25, 2025.)

II. **Background Facts**

Petitioner entered the United States illegally sometime in November of 2022. (Gov's Resp. 1, Dkt. No. 8) He encountered U.S. immigration officials almost immediately upon

3

crossing the border from Mexico, and those officials released the Petitioner pursuant to Section 1226 after issuing him a Notice to Appear for immigration proceedings to address charges that he was in the country illegally. (*Id.*; *see also* Am. Pet. ¶ 2, Dkt. No. 6; Am. Pet. Ex. A.) Petitioner applied for asylum on March 20, 2023. (Am. Pet. ¶ 32, Dkt. No. 6.) He states that because of his marriage to a woman from a different Somali clan than his own, he is in danger if he is returned to Somalia. (*Id*. at ¶ 1.) Petitioner was detained by U.S. Immigration and Customs Enforcement in December of 2025 and was initially held at the Sherburne County Jail. (*Id*. at ¶¶38–39.) Immediately upon filing his habeas petition, ICE transferred Petitioner from Minnesota to Texas, citing the need for "bed space decompression" in Minnesota, (Gov.'s Resp. 2, Dkt. No. 8), which the Court takes to mean that ICE has arrested so many people in Minnesota that there is no longer space for them all here.

### III. Analysis

The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025); *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8,

2025); *Francisco T. v. Bondi*, No. 25-CV-3219 (JMB/DTS), 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Roberto M. v. Olson*, No. 25-CV-4456 (LMP/ECW), ECF No. 15 (D. Minn. Dec. 9, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025); .

Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government. *Fuentes v. Olson*, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025). But "as this case illustrates, the government has not taken 'no' for an answer." *Id*.

The undersigned has found no reason to depart from this judicial consensus. For decades, the government took the position that people in Petitioner's situation were *not* subject to mandatory detention and that is the way Petitioner himself was treated up until December of this year. Beyond that history, Section 1225 governs "applicants for admission," and as one court has observed, treating a person who has been in the country for years as someone who is "seeking admission" is as illogical as treating someone who enters a movie theater without buying a ticket, then sits down and watches the movie, as "seeking admission" to the theater. *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025).

The only part of the government's rejoinder that requires discussion is their claim that by the very act of asking for asylum, the Petitioner necessarily placed himself in the position of one applying for admission, whether he is inside or outside of the United States at the time he applies. (Gov.'s Resp. 7, Dkt. No. 8) As support, the government cites a single district court case from the Southern District of New York, *Chen v. Almodovar*, Case

No. 1:25-cv-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025), which held that an "applicant for admission" includes all who have not presented themselves to an immigration officer and been lawfully admitted to the United States. *Id*. at *4.

The *Chen* decision is an outlier among the judicial consensus across the country, which rejects the government's position. In fact, the *Chen* court recognized that its decision was in direct contradiction of previous decisions on this issue in the Southern District of New York. *See id*. (collecting cases). As a later decision from the same District pointed out, *Chen* only reached the result it did by overlooking that the term "applicant for admission" in the context of the Immigration and Nationality Act "is a term of art that includes two categories of noncitizens—those who [are] already 'present in the United States who have not yet been admitted' and (2) those who arrive in the United States." *Goorakani v. Lyons*, Case No. 25-cv-9456, 2025 WL 3632896 at *9 (S.D.N.Y Dec. 15 2025). As the *Goorakani* court went on to persuasively show, Section 1225 applies only to the second category. *Id*. Nor has the District of Minnesota drawn a distinction between applicants for asylum and other categories of noncitizens who are present within the borders of the United States. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1139, 1140 (D. Minn. 2025). Since *Chen* was decided, no judge in the Southern District of New York, or the Second Circuit more broadly, has followed it, and those who have discussed it have declined to follow it. *See Moran v. Joyce*, Case No. 25-cv-9645 (GBD), 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025); *Goorakani v. Lyons*, et al., Case No. 25-cv-9456 (DEH), 2025 WL 3632896, at *12 (S.D.N.Y. Dec. 15, 2025); *Walizada v. Trump*, Case No. 2:25-cv-00768, 2025 WL 3551972, at *17 (D. Vt. Dec. 11, 2025); *Campbell v. Almodovar*, Case No. 1:25-cv-09509 (JLR),

6

2025 WL 3538351, at *10 (S.D.N.Y. Dec. 10, 2025); *Zhi Ye, v. Maldonado, Jr.*, Case No. 25-CV-6417 (AMD), 2025 WL 3521298, at *4 (E.D.N.Y. Dec. 8, 2025). The undersigned respectfully declines to follow the out-of-district authority of *Chen*.

## RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition (Dkt. No. 1) be **GRANTED,** and that the Petitioner be afforded a bond hearing, in the District of Minnesota, where witnesses and evidence are likely to be found (given that Petitioner has been living in this district).

Dated: December 16, 2025         *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).