# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MAHAMED CABDILAAHI AWAALE,

        Petitioner,

v.

KRISTI NOEM, U.S. Department of Homeland Security, in her official capacity, et al.,

        Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Civil Case No. 25-04551(MJD/JFD)

---

John Ogden Arnold, Robichaud, Schroepfer & Correia, P.A., Counsel for Petitioner.

Anna H. Voss, Assistant United States Attorney, Counsel for Federal Respondents.

_____

      The Court has received the Report and Recommendation of United States Magistrate Judge John F. Docherty. (Doc. 11.) The Federal Respondents ("Respondents") have objected to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, and in consideration of the applicable law, the Court will adopt the Report and Recommendation.

I. **OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Like so many of this District's recent habeas cases, this one addresses whether the petitioner is "an alien seeking admission" under 8 U.S.C. § 1225(b)(2) and subject to mandatory detention, or an alien who is unlawfully present in the United States under 8 U.S.C. § 1226(a), who may only be detained after a hearing. The R&R finds that Petitioner Awaale's situation is covered by § 1226(a) and recommends affording him a bond hearing.[1]

Respondents first object to the R&R's reliance on Lopez Benitez v. Francis, 795 F. Supp. 3d 475 (S.D.N.Y. 2025). Specifically, they object to an analogy from the case that concluded that the government's reading of § 1225(b)(2) conflicted with the plain ordinary meaning of the words "seeking" and "admission." The Lopez Benitez court explained:

> For example, someone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as "seeking admission" to the theater. Rather, that person would be described as already present there. Even if that person, after being detected,

---

[1] In his Amended Petition for Writ of Habeas Corpus, Petitioner asks the Court to order "Respondents to release [him] from custody or, in the alternative, hold a prompt bond hearing . . . to determine whether he should remain in custody under 8 U.S.C. § 1226(a)." (Doc. 6 at 19, Prayer for Relief ¶ 3.) He also, inter alia, asks the Court to assume jurisdiction over this matter and to declare that his current detention without an individualized determination is unlawful. (Id. ¶¶ 1-2.)

2

> offered to pay for a ticket, one would not ordinarily describe them as "seeking admission" (or "seeking" "lawful entry") at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there. As § 1225(b)(2)(A) applies only to those noncitizens who are actively "seeking admission" to the United States, it cannot, according to its ordinary meaning, apply to Mr. Lopez Benitez, because he has already been residing in the United States for several years.

795 F. Supp. 3d at 489.

Respondents argue that "this semantic parsing is unsupported by common sense, and that it improperly creates a distinction between two identical concepts" because there is "no category in real life or immigration law that would allow someone to enter a movie theater or the United States without permission." (Doc. 13 at 2.)

Respondents are making much ado about nothing. For months, courts in this District and throughout the country have worked to best explain the differences between the proper applications of § 1225(b) and § 1226(a). While the Court finds that the movie theater analogy works to explain the law, the Court also acknowledges that reasonable minds can differ. However, even without the citation to Lopez Benitez, the R&R lays out the weight of opinions in this District and in the rest of the country that have ruled against Respondents' interpretation. This Court is one of them. See Arte v. Bondi, 25-cv-04515 (MJD-

3

ECW), Doc. 17 (Order Granting Mot. for Writ of Habeas Corpus).  Nothing in Respondents' filings changes the Court's opinion.  This objection is overruled.

Likewise, the Court has considered Respondents' objection to the R&R's treatment of Chen v. Almodovar, 1:25-cv-8350-MKV, 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), and finds it meritless.  The objection is overruled.

Lastly, Respondents assert that the R&R erred in finding that the government treated Awaale as subject to § 1226 when he entered the country illegally, encountered immigration officers, and was released pursuant to § 1226, but then "followed Lopez Benitez's broader statutory analysis, rather than tailoring the decision only to the necessary holding based on the factual findings."  (Doc. 13 at 4.)  This was not an error.  The R&R was addressing the argument that § 1225 applies to this case.  (See Doc. 8.)  Moreover, nothing in the legal analysis regarding the applicability of § 1225 vs. § 1226 to this situation is at odds with the factual findings in the R&R.  This objection is also overruled.

## II.     ORDER

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation **[Doc. 11]** is **ADOPTED**;[2]

2. The Amended Petition for Writ of Habeas Corpus **[Doc. 6]** is **GRANTED in part**;

3. Respondents must hold a bond hearing in Minnesota in accordance with 8 U.S.C. § 1226(a) to determine Petitioner's ongoing custody within seven days;

4. If Respondents do not provide Petitioner with a bond hearing in Minnesota under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

5. Within seven days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  December 29, 2025        s/Michael J. Davis
                                Michael J. Davis
                                United States District Court

---

[2] The Court amends the Oder section beyond what was recommended to add more specifics.